IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES of AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MIGUEL BELL** | : | **No. 09-672** |

## MEMORANDUM

PRATTER, J. JULY 11, 2011

### INTRODUCTION

On February 18, 2010, Miguel Bell was charged in a 53-count Superceding Indictment ("the Indictment") with having committed bank fraud, aggravated identity theft, conspiracy to commit bank fraud and aggravated identity theft, and aiding and abetting the related crimes of other individuals. In June of 2011, Mr. Bell went to trial on all of these charges. In the midst of that trial, at the conclusion of the Government's case, Mr. Bell moved for a judgment of acquittal pursuant to Rule 29 on all 53 counts, arguing that the Indictment did not charge him with every element of his alleged crimes, and also failed to establish the Court's jurisdiction.

Specifically, Mr. Bell observed that Count I of the Indictment, in a passage applicable to every count, charged him with defrauding banks insured by the "Federal Deposit Corporation," a non-existent entity, rather than the Federal Deposit Insurance Corporation ("FDIC"). Based upon the exclusion of the word "Insurance" from the name of the FDIC, Mr. Bell argued that the grand jury had not charged him with committing an offense against the United States. The Government responded to Mr. Bell's Rule 29 motion by filing a motion to amend or correct Count I.

After hearing oral argument relating to these motions, the Court issued an order from the bench, denying Mr. Bell's motion for acquittal and granting the Government's motion to amend

or correct the Indictment. This Memorandum, and the following Order, ratify this ruling.[1]

**DISCUSSION**

Count I of Mr. Bell's Indictment charged, in language applicable to the Indictment as a whole, that at all times material to the Indictment:

> The following banks were financial institutions, *insured by the Federal Deposit Corporation* [emphasis added]: (a) Citizens Bank, certificate numbers 57282 and 57957; (b) PNC Bank, certificate number 6384; (c) Wachovia Bank, certificate number 33869; (d) M&T Bank, certificate number 588; (e) Provident Bank (now M&T Bank), certificate numbers 15951 and 588; (f) SunTrust Bank, certificate number 867; (g) Commerce Bank (now TD Bank), certificate numbers 21140 and 18409; (h) Sovereign Bank, certificate number 29950.

In reality, of course, there is no"Federal Deposit Corporation" – only a "Federal Deposit *Insurance* Corporation," a United States government corporation that provides deposit insurance for certain banks. By all indications, the omission of the word "Insurance" from the name of the FDIC in Count I of the Indictment was the result of a commonplace clerical or typographical error. Count I indicated that the non-existent "Federal Deposit Corporation" insured a number of listed banks, and provided a "certificate" number or numbers for each. During Mr. Bell's trial, the Government presented testimonial evidence that each of the eight banks listed in Count I was insured by the Federal Deposit Insurance Corporation. The Government also satisfied the Court that the "certificate" numbers listed in Count I appear to be similar or identical to the certificate numbers that have actually been issued to these banks by the FDIC.

The Supreme Court and the Court of Appeals for the Third Circuit have held that

---

1 After the Court had ruled on these motions, Mr. Bell's trial continued. The jury ultimately found Mr. Bell guilty as to 48 of the 53 counts, and not guilty as to five.

although it is impermissible for district courts to make material or substantial amendments to an indictment without resubmission of the indictment to the grand jury, they may make amendments "concerning matters of form." *Russell v. United States*, 369 U.S. 749, 770 (1962); *United States v. Goldstein*, 502 F.2d 526, 528 (3d Cir. 1974). "An amendment of form and not of substance occurs when the defendant is not misled in any sense, is not subjected to any added burden, and is not otherwise prejudiced." *United States v. Kegler*, 724 F.2d 190, 194 (D.C. Cir. 1983) (*citing Williams v. United States*, 179 F.2d 656, 659 (5th Cir. 1950)). This principle has been applied on numerous occasions to allow district courts to make amendments as to matters of form during the course of a trial, and even after the beginning of jury deliberations.[2]

In this case, correcting the clerical or typographical error in Count I was merely a formal amendment because the omission of the word "Insurance" did not, and its mid-trial insertion would not, prejudice Mr. Bell.[3] Even without this word, Count I was "sufficiently clear to enable [Mr. Bell] to prepare [his] defense." *United States v. Coleman*, 656 F.2d 509 (9th Cir. 1981). Not only did the context strongly suggest that "Insurance" had been omitted by accident, but Count I

---

2 *See, e.g., United States v. Miller*, 116 F.3d 641, 669-671 (2d Cir. 1997) (correction of merely technical errors, such as clerical or typographical mistakes, is allowed during trial where such correction does not alter "essential substance" of charging terms); *United States v. Neil,* 166 F.3d 943, 947-948 (9th Cir. 1999) (district court did not err in granting a motion to amend the indictment, during jury deliberations, where one bank robbery count referred to the wrong bank); *United States v. Lim*, 984 F.2d 331, 337 (9th Cir. 1993) (district court did not err in amending typo in statute citation); *Kegler*, 724 F.2d at 193-194 (district court did not err in amending the indictment, during trial, to correct the name of payee on a check); *United States v. McGrath*, 558 F.2d 1102, 1105 (2d Cir. 1977) (district court would have been empowered, during trial, to amend the indictment to correct certain references to the Long Island State Parks Commission as the "Long Island State Parks and Recreation Commission").

3 In this context, it is at least worth noting that Mr. Bell's Indictment was returned in February of 2010, and Mr. Bell raised no questions or objections language until the middle of his trial in June of 2011. The Government also asserts that during the pre-trial discovery process, it provided Mr. Bell with the grand jury testimony of a federal postal inspector, who told the grand jury that the eight banks in question were insured by the Federal Deposit Insurance Corporation.

charged Mr. Bell with having conspired to commit bank fraud "in violation of Title 18, United States Code, Sections 1344 and 2." Under § 1344, a defrauded financial institution's federally-insured status is one element of the offense of bank fraud, *United States v. Ayewoh*, 627 F.3d 914, 917 (1st Cir. 2010),[4] and "the reference to the statute [in Count I] was [thus] adequate to inform [Mr. Bell] of that element of the offense, if in fact there was any doubt." *Coleman*, 656 F.2d at 512.[5]

Mr. Bell has raised the possibility that because a defrauded financial institution's federally-insured status is a *jurisdictional* prerequisite, *Ayewoh*, 627 F.3d at 917, as well as an element of the federal bank fraud offense, the formal error in Count I might have deprived this Court of jurisdiction. In fact, the Supreme Court has long held that defects in an indictment do not deprive a district court of its power to adjudicate a case. *See United States v. Cotton*, 535 U.S. 625, 630 (2002); *Lamar v. United States*, 240 U.S. 60 (1916) (Holmes, J.) (a district court "has jurisdiction of all crimes cognizable under the authority of the United States ... [and] the

---

4 The term "financial institution," as used in Title 18, is defined, in relevant part, as "an insured depository institution (as defined in section 3(c)(2) of the Federal Deposit Insurance Act)." 18 U.S.C. § 20. Section 3(c)(2) in turn defines an "insured depository institution" as any "bank or savings association the deposits of which are insured by the [FDIC] pursuant to [the Federal Deposit Insurance Act]." 12 U.S.C. § 1813(c)(2).

5 In *Coleman*, the court held that the district court had erred in granting a motion for judgment of acquittal in a bank robbery case where the indictment did not specifically charge that the bank was federally insured, an element of the offense, but *did* charge that the defendant had robbed "a savings and loan association ... in violation of Title 18, United States Code, Section 2113(a)." *Coleman* suggests that the formal amendment that is requested in this case would be unnecessary even if it were, *arguendo*, impermissible. *See also United States v. James*, 980 F.2d 1314 (9th Cir. 1992) (although the indictment failed to allege that the defendants were American Indians, an element of their offense, this element appeared in the indictment by way of reference to the statute under which they were charged); *Gearing v. United States*, 432 F.2d 1038, 1041 (5th Cir. 1970) (observing that "while it is often true that the choice of language controls the validity of the indictment, inclusion in it of the statutory citation provides a means by which the defendant can inform himself of the elements of the offense").

objection that the indictment does not charge a crime against the United States goes only to the merits of the case"). Count I alleged that the eight defrauded banks were "financial institutions, insured by the Federal Deposit Corporation," and it charged Mr. Bell with violating 18 U.S.C. § 1344, one element of which is that a defrauded institution must have been federally insured. The basis for this Court's jurisdiction was plain on the face of the uncorrected Indictment.

## CONCLUSION

For the reasons set forth above, the Court has already denied Mr. Bell's Rule 29 motion to acquit, and granted the Government's motion to amend or correct the Indictment. An Order ratifying this ruling follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE